IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:05-CR-87-BO
No. 4:10-CV-64-BO

| | |
|---|---|
| ALFONZO TAFT, Petitioner | |
| v. | ORDER |
| UNITED STATES OF AMERICA, Respondent. | |

The matters before the Court are Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody under § 2255 and Petitioner's Response to The Government's Motion to Dismiss and Motion for Summary Judgement. Petitioner's Motion is DENIED and Defendant's §2255 claim is DISMISSED

Discussion

The Petitioner makes several arguments, all of which lack merit.

The Petitioner's first argues that his guilty plea was defective, the Court lacked jurisdiction to sentence him, and that his counsel was ineffective because the Petitioner plead guilty to his original indictment instead of his superceding incitement. These arguments fails as the superceding indictment was identical to the original indictment save for correction of the date upon which the offense occurred.

The Petitioner also argues that his attorney was ineffective because he neglected to argue against the Petitioner's classification as an Armed Career Criminal, which elevated his sentence.

Petitioner ignores the fact that his attorney in fact succeeded in convincing the Court not to classify him as an Armed Career Criminal at his first sentencing, a decision later overturned by the Fourth Circuit. 299 Fed. Appx. 256 (4th Cir. Nov. 10, 2008). Any further claims on this basis are now unavailable as a basis for collateral attack.

Similarly unpersuasive is the Petitioner's argument that he suffered from ineffective assistance because his attorney did not withdraw his guilty plea. Yet the defendant does not allege that he asked his counsel to withdraw his plea. In addition, a defendant does not have an absolute right to withdraw a guilty plea, even before sentencing. Rather, a defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw. Courts typically consider a variety of factors in determining whether a defendant has met his burden, including (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources. U.S. v. Moore, 931 F.2d 245, 248 (4th Cir., 1991). The Petitioner has not met this burden.

In addition, Petitioner argues that his right to counsel was violated due to the substitution of attorneys who represented him. However, Petitioner does not show how three changes in counsel, over the three years from his incitement to his final direct appeal, satisfies Strickland's dual prongs.

Finally, Petitioner argues that his plea was not knowing and voluntary because the Court

did not advise him of his Fifth Amendment privilege against self-incrimination. The Rule 11 Transcript contradicts this assertion. While the Court did not use the explicit phrase "privilege against self-incrimination," this Court did provide an accurate summary of this right: "You can either testify or not testify at your trial. If you decide not to testify, that won't be used against you. When you plead guilty you give those rights up." Rule 11 Tr. 4:2-5

## Conclusion

In conclusion, Petitioner has not adequately pled a claim under § 2255, and his petition is DISMISSED. A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists would not find this dismissal debatable, a certificate of appealability is DENIED.

SO ORDERED, this _15_ day of September, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3